UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ESTATE OF ALEXANDER R. PIPER, III; and
MARTHA PIPER, Individually,

                Plaintiffs,           Index No. 07-CV-9548 (LTS)

   -against-                        ANSWER, AFFIRMATIVE
                                                  DEFENSES and COUNTERCLAIM

METROPOLITAN TOWER LIFE INSURANCE
COMPANY,

                Defendant.
_____

      Defendant, Metropolitan Tower Life Insurance Company ("MetLife"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiffs, Estate of Alexander R. Piper, III ("Mr. Piper" or "Decedent") and Martha Piper ("Mrs. Piper"), and, as to each and every allegation therein:

      1.     Admits, upon information and belief, that Plaintiff, Mr. Piper, was a citizen of the United States, and denies remaining allegations.

      2.     Admits, upon information and belief, that Plaintiff, Mrs. Piper, is a citizen of the State of Massachusetts, and denies remaining allegations.

      3.     Denies the allegations set forth in paragraph 3 of the Complaint.

      4.     Admits that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, states that MetLife is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, admits that the matter in controversy alleges damages in the sum or value of at least $75,000.00, exclusive of interest and costs, and denies remaining allegations.

5. Admits that venue is proper in this district, and denies remaining allegations.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7. Admits, upon information and belief, that Plaintiff, Mrs. Piper, is a citizen of the State of Massachusetts with her principal residence in South Egremont, and denies remaining allegations.

8. Admits that MetLife is a Delaware corporation, that MetLife conducts business in New York, and denies remaining allegations.

9. Admits that MetLife's principal place of business is in New York, and denies remaining allegations.

10. Admits that on or about February 1, 1987, MetLife issued life insurance policy number 876 115 025 UL ("the Policy") on the life of Mr. Piper, admits upon information and belief that Mr. Piper was employed by Cohen, Cohn, and Duffy, states that the Policy was issued to Cohen, Cohn and Duffy Defined Benefit Trust, further states that the Policy is a Flexible Premium Life Insurance Policy, and denies remaining allegations.

11. Admits that on or about May 1, 1988, the face amount of the Policy was increased to from $391,000.00 to $473,000.00, and denies remaining allegations.

12. Admits that on or about January 22, 1991, the Policy was assigned to the Decedent, admits that Decedent informed MetLife in the assignment form that his mailing address was P.O. Box 327, South Egremont, Massachusetts 01258, and denies remaining allegations.

13. Denies the allegations set forth in paragraph 13 of the Complaint.

14. Admits that on or about July 18, 2000, the Decedent informed MetLife that his mailing address changed from P.O. Box 327, South Egremont, Massachusetts 01258 to P.O. Box 91, North Egremont, Massachusetts 01258, and denies remaining allegations.

15. Denies the allegations set forth in paragraph 15 of the Complaint, and states that any MetLife policyholder trust statements received by Plaintiffs were sent to Plaintiffs by Mellon Investor Services (an independent third party administrator that is responsible for the issuance of trust interest to MetLife policyholders), as a result of MetLife becoming a public company in April 2000, and further states that any such statements represent Plaintiffs' shareholder dividends and have no relationship to the premium payments that were owed on the Policy at issue in this case.

16. Denies the allegations set forth in paragraph 16 of the Complaint, and states that any MetLife policyholder trust statements or related documents received by Plaintiffs were sent to Plaintiffs by Mellon Investor Services (an independent third party administrator that is responsible for the issuance of trust interest to MetLife policyholders), as a result of MetLife becoming a public company in April 2000, and further states that any such statements represent Plaintiffs' shareholder dividends and have no relationship to the premium payments that were owed on the Policy at issue in this case.

17. Denies the allegations set forth in paragraph 17 of the Complaint, and states that any MetLife policyholder trust statements received by Plaintiffs by Mellon Investor Services have no relationship to the premium payments that were owed on the Policy at issue in this case.

18. Denies the allegations set forth in paragraph 18 of the Complaint, and respectfully refers the Court to the terms of the Policy, attached hereto as <u>Exhibit 1</u>.

19. Denies the allegations set forth in paragraph 19 of the Complaint, and respectfully refers the Court to the terms of the Policy, attached hereto as <u>Exhibit 1</u>.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint, and respectfully refers the Court to the terms of the letter referenced therein, attached hereto as <u>Exhibit 2</u>.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint, and respectfully refers the Court to the terms of the letter referenced therein, attached hereto as <u>Exhibit 3</u>.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

<u>AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION</u>
(Breach of Contract)

28. The allegations set forth in Paragraph 28 of the Complaint repeat and reallege each and every previous allegation; therefore no additional response from MetLife is required.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint, and respectfully refers the Court to the terms of the Policy, attached hereto as <u>Exhibit 1</u>.

31. The allegations set forth in Paragraph 31 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

32. The allegations set forth in Paragraph 32 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION
(Negligence)

37. The allegations set forth in Paragraph 37 of the Complaint repeat and reallege each and every previous allegation; therefore no additional response from MetLife is required.

38. The allegations set forth in Paragraph 38 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

39. The allegations set forth in Paragraph 39 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

40. The allegations set forth in Paragraph 40 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

41. The allegations set forth in Paragraph 41 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

42. The allegations set forth in Paragraph 42 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

43. The allegations set forth in Paragraph 43 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

44. The allegations set forth in Paragraph 44 of the Complaint state legal conclusions to which no response is required, and to the extent the Court deems that a response is required, denies the allegations contained therein.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION
(Unjust Enrichment)

46. The allegations set forth in Paragraph 46 of the Complaint repeat and reallege each and every previous allegation; therefore no additional response from MetLife is required.

47. Denies the allegations set forth in paragraph 47 of the Complaint, and states that during the period of time that premium payments due on the Policy were paid, the Policy was in force and life insurance coverage was provided.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

JURY DEMAND

51. The allegations set forth in paragraph 51 of the Complaint are Plaintiffs' jury demand; therefore no response from MetLife is required.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred because MetLife's actions were made in good faith, were reasonable, were based on substantial evidence, and were not arbitrary or capricious.

## COUNTERCLAIM

COMES NOW Defendant/Counter-Claimant, MetLife, and hereby files this Counterclaim against Plaintiffs, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. MetLife is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York, and is authorized to do business in the State of New York.

2. Upon information and belief, Plaintiff, Mr. Piper, was a citizen of the United States, and Plaintiff, Mrs. Piper, is a citizen of the State of Massachusetts.

3. Jurisdiction and venue are proper herein because MetLife resides in New York, and this Court has jurisdiction over the action filed by Plaintiffs.

## GENERAL ALLEGATIONS

4. This is an action for declaratory judgment relating to a MetLife Flexible Premium Life Insurance Policy, policy number 876 115 025 UL ("the Policy"), on the life of Alexander R. Piper, III ("Decedent"), which was issued as of February 1, 1987.

5. The Policy had an original face amount of $391,000.00 and was issued to Cohen, Cohn and Duffy Defined Benefit Trust.

6. Upon information and belief, Cohen, Cohn and Duffy was Decedent's employer.

7. The face amount of the Policy was increased from $391,000.00 to $473,000.00 on or about May 1, 1988.

8. On or about January 22, 1991, the Policy was assigned to Decedent. A copy of the assignment form completed by Decedent is attached hereto as part of the Policy in Exhibit 1.

9. Decedent indicated on the assignment form that his address was P.O. Box 327, South Egremont, Massachusetts 01258. Id.

10. On or about July 18, 2000, MetLife processed an address change request received from Decedent on July 14, 2000, along with a payment that was received from Decedent on the same date.

11. The July 18, 2000 address change request was processed in accordance with MetLife's policies and procedures.

12. The July 18, 2000 address change request asked MetLife to send all future correspondence to Decedent at P.O. Box 91, North Egremont, Massachusetts 01258.

13. From July 18, 2000 to January 15, 2003, MetLife utilized the P.O. Box 91 address for correspondence with Decedent.

14. On January 15, 2003, correspondence sent to Decedent at the P.O. Box 91 address was returned to MetLife as undeliverable.

15. In accordance with MetLife's policies and procedures, MetLife searched for Decedent's last known address in a database utilizing his social security number.

16. MetLife's database search revealed that Decedent's last known address was 409 W. 48th Street, Apt. #3RW, New York, NY 10036. This address change was applied on or about April 2, 2003.

17. On or about November 3, 2003, MetLife sent a letter to the 409 W. 48th Street address advising Decedent that the policy terminated on November 1, 2003, due to nonpayment of premiums due. See Exhibit 4 attached hereto.

18. This letter was returned to MetLife almost a year later, on or about January 21, 2004, with "Moved" written on the envelope.

19. MetLife did not receive any correspondence from Decedent from at least January 15, 2003 (the date when MetLife became aware that the correspondence sent to the P.O. Box 91 address was returned as undeliverable) through the time of his passing away on September 21, 2006.

20. As such, MetLife had no way of knowing that Decedent had moved back to his prior address at P.O. Box 327, as Plaintiffs claim in their Complaint. Furthermore, MetLife does not process "temporary address changes," as Plaintiffs claim in their Complaint.

21. It was Decedent's responsibility to inform MetLife that he moved from the P.O. Box 91 address back to the P.O. Box 327 address, if that was the case (and as is alleged). Indeed, Decedent informed MetLife of his address change in July 2000 and could have easily done the same again in 2003.

22.     In any event, MetLife followed its applicable policies and procedures to try to locate the Decedent's last known address through a reputable database system. That database system revealed through social security and credit reporting sources that the 409 W. 48th Street address was Decedent's last known address.

23.     On or about October 10, 2006, Mrs. Piper called MetLife and informed it that Mr. Piper had passed away on September 21, 2006. During this telephone call with MetLife's Customer Service Center, it was explained to Mrs. Piper that the Policy lapsed for nonpayment of premiums due on September 1, 2003. It was further explained to Mrs. Piper that MetLife sent a coverage termination letter to Decedent's last known address (the 409 W. 48th Street address) on November 3, 2003. See Exhibit 4 attached hereto.

24.     MetLife sent Mrs. Piper a follow up letter to this telephone call on or about October 12, 2006. See Exhibit 2 attached hereto. In this letter, MetLife explained the chronology of events that transpired and the procedures utilized to obtain Decedent's last known address. Id. It was further explained to Mrs. Piper that although MetLife has these procedures in place, MetLife still relies on the policyholders to notify us of any changes to their policies. Id.

25.     On or about February 20, 2007, MetLife received a letter from Mrs. Piper's attorney, Ms. Wendy Linscott, Esq. See Exhibit 5 attached hereto. In her correspondence, she provided a copy of a MetLife policyholder trust interest check issued by Mellon Investor Services, LLC. See Exhibit 6 attached hereto. She contends, in essence, that since Mellon Investor Services issued a check to Mr. Piper at the P.O. Box 327 address on December 15, 2005, that MetLife was aware that Mr. Piper's address at that time was the P.O. Box 327 address. As was subsequently explained by MetLife, however, there is no factual basis for this opinion.

26.    As per MetLife's letter to Ms. Linscott, Esq. on or about June 21, 2007, Mellon Investor Services is an independent third party administrator who is responsible for the issuance of trust interest to MetLife policyholders.  See Exhibit 3 attached hereto.  These transactions are a result of MetLife becoming a public company in April 2000 and any such checks represented Mr. Piper's shareholder dividends with the company.   The check does not refer to the Policy at all, does not include the Policy number, and has no relationship to the premium payments that were owed on the Policy.  As was explained by MetLife in the June 21, 2007 letter, any address changes directed to Mellon Investor Services are processed and handled separately and independently.

27.    MetLife properly terminated the Policy for nonpayment of premiums due.

WHEREFORE, MetLife respectfully requests that this Honorable Court enter a judgment or order: (i) dismissing each and every cause of action set forth in the Complaint, with prejudice; (ii) awarding costs and disbursements of this action, including reasonable attorneys' fees; and (iii) providing such other and further relief as the Court deems just and proper.

Dated: February 1, 2008
    Long Island City, NY

    METROPOLITAN TOWER LIFE INSURANCE COMPANY

By:   /S/  TOMASITA L. SHERER
      Alvin Pasternak
      Tomasita Sherer, of Counsel (TH 6072)
      Attorneys for Defendant
      One MetLife Plaza
      27-01 Queens Plaza North
      Long Island City, NY  11101
      (212) 578-3102 (Tel)