# EXHIBIT 5

Page 1 of 4 received at 2/1/2008 11:20:48 AM [Eastern Standard Time] on server AS-LINYFAXSVR04.

# LAMME AND LINSCOTT
ATTORNEYS AT LAW
22 ELM STREET
GREAT BARRINGTON, MASSACHUSETTS 01230

JAMES M. LAMME III
WENDY T. LINSCOTT

TELEPHONE (413) 528-1040

TELECOPIER (413) 528-9680
LAMME.LINSCOTT@VERIZON.NET

February 13, 2007

Roxanne Roberts, Supervisor
Data Integrity Unit
Johnstown Client Relations Center
500 Schoolhouse Road
Johnstown, PA 15094-2914

      Re: Estate of Alexander R. Piper III
       MetLife Policy No. 876115 025 UL

Dear Ms. Roberts:

  This office represents the Estate of Alexander R. Piper III who died on September 21, 2006.

  Last fall, Martha Piper, the surviving spouse of the policy holder, contacted your company about the life insurance policy Mr. Piper had with MetLife.

  At that time, she was informed that the policy had lapsed for failure to pay premiums. According to my information, the policy was originally purchased in 1987. For several years the premium payments were made by Mr. Piper's employer and subsequently paid by Mr. and Mrs. Piper individually. Those payments continued to be made at least through 2002, and my clients stopped making the payments only when no further statements were received from MetLife.

  Because my clients had been receiving regular statements from MetLife (some of which had been forwarded to the address at P.O. Box 327, South Egremont, MA 01258, which address has remained a valid mailing address for Mr. and Mrs. Piper during the entire time in question) for several years, when the statements stopped coming, my client assumed that the policy included a provision that provided for the payment of premiums from cash benefits that had accrued.

At no time did my clients receive any correspondence from MetLife regarding unpaid or overdue premium payments, and they were never notified of any intent to cancel the policy. The first notice of cancellation was the verbal information Mrs. Piper was given when she telephoned your office last October. To date neither she nor Mr. Piper has ever received any written notice of cancellation.

Your letter to Mrs. Piper of October 12, 2006 (a copy of which is enclosed), claims that efforts were made to research an address for the policy holder after mail addressed to him was returned to MetLife as undeliverable in January 2003. However, mail from MetLife was received by Mrs. Piper in December 2005. That mail was addressed to Mr. Piper at P.O. Box 327, South Egremont, MA 01258-0327, the address that has been an operating address for the policy holder since the policy was first instituted. For your information, I am enclosing a copy of a MetLife check dated December 15, 2005, payable to Mr. Piper, that was delivered to that address.

The fact that Mr. Piper continued to receive "trust interests" checks from MetLife through December 15, 2006, all of which checks were successfully delivered to my clients, only reinforces the reasonable assumption on the part of my clients that the MetLife policy was still in effect. The efforts that you report in your letter to Mrs. Piper to research a better address were clearly not exhaustive efforts. MetLife has always had a valid mailing address for Alexander R. Piper III.

Since MetLife took no steps to notify my client of the cancellation of the above-referenced policy and has continued to correspond successfully with Mr. Piper, I hereby request that policy benefits be paid in full to Mr. Piper's surviving spouse and beneficiary, Martha Piper. A copy of Mr. Piper's death certificate is enclosed for your records.

I would also appreciate your sending me a copy of the policy at your earliest convenience.

Very truly yours,

Wendy T. Linscott

cc: Ms. Martha Piper

**LAMME AND LINSCOTT**
ATTORNEYS AT LAW
22 ELM STREET
GREAT BARRINGTON, MASSACHUSETTS 01230

Roxanne Roberts, Supervisor
Data Integrity Unit
Johnstown Client Relations Center
500 Schoolhouse Road
Johnstown, PA 15094-2914