---------------------------------------------------------X
ESTATE OF ALEXANDER R. PIPER, III; and
MARTHA PIPER, Individually,          07-CV-9548 (LTS)
                      Plaintiffs,

       - against -          PRELIMINARY PRE-TRIAL
                                       STATEMENT
METROPOLITAN TOWER LIFE INSURANCE
COMPANY,
                      Defendant.
---------------------------------------------------------X

      The parties to this action, through their duly appointed counsel identified below, hereby provide the enclosed Preliminary Pre-Trial Statement pursuant to the Initial Pre-Conference Order of the Honorable Laura Taylor Swain, U.S.D.J.:

A.    Plaintiffs filed this action alleging causes of action sounding in breach of contract, negligence, misrepresentation and unjust enrichment, alleging that Defendant's failure to follow their own procedures for notifications of alleged defaults and the failure to make payment upon Mr. Alexander R. Piper's life insurance policy at the time of his passing to the named Beneficiary, Mrs. Martha Piper, caused harm to Plaintiffs. Defendant denies all liability, asserts that it followed the terms of the policy and its internal procedures and counter-claims for declaratory judgment relating to the Policy, costs and attorneys' fees. Plaintiffs deny Defendant's counter-claim in its entirety.

B.    The parties agree that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy, exclusive of interest and attorney's fees, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Defendant does not intend by this statement to concede that Plaintiffs are in fact due any particular amount, much less any in excess of $75,000.00.

C.    The material uncontested facts are that:

1. on or about February 1, 1987, Defendant issued a Flexible-Premium Life Insurance Policy bearing number 876 115 025 UL (the "Policy") on the life of Mr. Alexander R. Piper to Cohen, Cohen and Duffy, Mr. Piper's employer at that time;

2. on or about May 1, 1988, the face amount of the Policy was increased to $473,000.00;

3. on or about January 22, 1991, the Policy was assigned to Mr. Alexander R. Piper who provided a new mailing address of P.O. Box 327, South Egremont, Massachusetts 01258;

4. the Plaintiffs made premium payments from 1991 through August, 2002;

5. the Policy asserts, among other items, that Defendant "will send premium notices, if you request in writing, according to the planned premium shown on page 3."

6. the Policy also asserts that Defendant will provide notice of any default; as well as the commencement and cessation of any grace period, as applicable;

7. upon Mr. Piper's death, Mrs. Piper duly contacted Defendant to alert it to the fact of Mr. Piper's passing;

8. it was at that time that Mrs. Piper first learned that Defendant had determined not to make payment to her as Beneficiary under the Policy; and

9. the stated reason for such denial at that time was that the Policy had been defaulted on or about November 3, 2003.

D. The Parties do not contest jurisdiction.

E. It is respectfully submitted that the Parties are unaware of any particular legal issues that will necessarily have to be adjudicated by the Court. However, depending on what transpires in discovery, Defendant anticipates making a motion for summary judgment.

F.      Plaintiffs:

Defendant failed to follow its own procedures concerning notification regarding premiums due or default of one of its policies in Plaintiffs' case. Defendant owed a duty of care to Plaintiffs which it violated in not taking reasonable steps to insure that Plaintiffs were actually receiving notice of premiums due, the potential default of the policy and the actual default of the same. Defendant was unjustly enriched by the premium payments made by Plaintiffs over the years, especially as Plaintiffs stood ready to make any additional payments that were requested of them, but no such payments were requested to be made.

Defendant:

Defendant followed all of the instructions of Plaintiffs and followed its own internal policies at all times relevant to the Plaintiffs. Plaintiffs did not make the necessary payments to keep the policy current, and Defendant took all reasonable steps to make Plaintiffs aware of such fact.

G.      Plaintiffs:

Plaintiffs' claims sound in the state and common law causes of action for breach of contract, negligence and unjust enrichment.

Defendant:

Defendant's counter-claim is an action for declaratory judgment relating to the Policy. Defendant also seeks costs and attorneys' fees.

H.      Plaintiffs:

The primary defense to the counter-claim is that under New York law attorneys' fees may only be awarded in a breach of contract action upon a showing that the parties agreed to assume such a liability and no such proof can be proffered here as the Policy does not contain a provision

for the award of attorneys' fees to Defendant.

Defendant:

Defendant's defenses are primarily of the common law variety and assert that the facts simply do not support the contentions of Plaintiffs and that Defendant complied with the terms of the Policy and its applicable policies and procedures.

I. On the claims of Plaintiffs, the burden is that of the Plaintiffs to demonstrate the validity of each such claim by the preponderance of the evidence.

J. It is not currently anticipated that any additional parties or causes of action will be added. However, the parties request that the deadline for any such additions be set for **April 30, 2008** which will allow the Plaintiffs to file its Answer to Counter-Claim; and allow the Parties to serve their initial Rule 26 disclosures; serve their initial Interrogatories; and respond to the same.

K. The Parties do not consent to transfer of the case to a magistrate judge, except with regard to settlement.

L. The Parties have conferred and believe that it is unlikely that voluminous amounts of electronic discovery will be required in this case. The Parties have further agreed to serve their initial disclosures on or before **March 14, 2008**.

M. Discovery shall be required to ascertain the relevant policies of Defendant with regard to (1) the processing of policies, including, but not limited to, notifications surrounding the same to policy holders; (2) Plaintiffs' communications to Defendant and vice-versa; (3) the actual efforts made in this case to get statements and notices to the policyholder; (4) items surrounding the decision to cancel the policy, to deny the claims and otherwise surrounding the allegations and defenses in this matter.

N.   At this juncture the Parties do not expect expert discovery. However, the Parties wish to preserve the right and propose that any experts by Plaintiffs be designated on or before **May 31, 2008** and any experts by Defendant to be designated on or before **June 30, 2008**.

O.   The Parties are currently unaware of any limitations that should be imposed herein that are not already provided for by the FRCP and the relevant local rules.

P.   The Parties have discussed the possibility of settlement and agree that reference to mediation could be instructive in this case and could facilitate a settlement.

Q.   Plaintiffs have demanded a jury trial as duly set forth in the Complaint.

R.   No additional orders under FRCP 26(c) or FRCP 16(b)-(c) are sought by any of the Parties at this time.

Dated: New York, New York
       February 8, 2008

/S/ ALVIN PASTERNAK
Alvin Pasternak, Esq.
Tomasita Sherer, of Counsel
Attorneys for Defendant
Metropolitan Tower Life Insurance Company
27-01 Queens Plaza North
Long Island City, NY  11101
(212) 578-3102 (Tel)

Neal Brickman, Esq.
Ethan Leonard, Esq.
Law Offices of Neal Brickman, P.C.
Attorneys for Plaintiffs
317 Madison Avenue, 21st Floor
New York, NY  10017
(212) 986-6840 (Tel)