```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESTATE OF ALEXANDER R. PIPER III; and
MARTHA PIPER, Individually,              07 CV 9548 (LTS)
                          Plaintiffs,
                                         ANSWER TO COUNTER-CLAIM
     - against -

METROPOLITAN TOWER LIFE INSURANCE
COMPANY,
                          Defendant.
------------------------------------------------------------X
```

Plaintiffs, Estate of Alexander R. Piper III ("Mr. Piper") and Martha Piper ("Mrs. Piper" and together with Mr. Piper, "Plaintiffs" or "plaintiffs") by and through their undersigned counsel, The Law Offices of Neal Brickman, P.C., 317 Madison Avenue, 21st Floor, New York, New York 10017, as and for their Answer to Defendant's, Metropolitan Tower Life Insurance Company ("MetLife", "Defendant" or "defendant"), state and allege as follows:

1. Upon information and belief, admit the allegations set forth in paragraph "1" of the counter-claim.

2. Admit the allegations set forth in paragraph "2" of the counter-claim.

3. Admit the allegations set forth in paragraph "3" of the counter-claim.

4. Submit that no response is required to the allegations set forth in paragraph "4" of the counter-claim as same constitute legal conclusions or analysis. To the extent that the allegations contained therein are construed otherwise, Plaintiffs deny knowledge or information sufficient to form a belief as to the purported basis for the counter-claim.

5. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "5" of the counter-claim.

6. Admit the allegations set forth in paragraph "6" of the counter-claim.

7. Upon information and belief, admit the allegations set forth in paragraph "7" of the counter-claim.

8. Admit the allegations set forth in paragraph "8" of the counterclaim except submit that the document attached as Exhibit "1" to the Answer and Counter-Claim speaks for itself.

9. Submit that the document speaks for itself.

10. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the counter-claim except admit that a request to temporarily change the address on the Policy to P.O. Box 91 was made by Plaintiffs.

11. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the counter-claim except deny that the request was, in fact, properly processed.

12. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the counter-claim except admit that a request to temporarily change the address on the Policy to P.O. Box 91 was made by Plaintiffs.

13. Upon information and belief, deny the allegations set forth in paragraph "13" of the counter-claim.

14. Upon information and belief, deny the allegations set forth in paragraph "14" of the counter-claim.

15. Deny the allegations set forth in paragraph "15" of the counter-claim except admits that Defendant had a duty to transmit bills, statements and notices to the Decedent.

16. Upon information and belief, deny the allegations set forth in paragraph "16" of the counter-claim.

17. Plaintiffs submit that the letter attached as Exhibit 4 speaks for itself and deny all

other allegations set forth in paragraph "17" of the counter-claim.

18. Deny knowledge or information sufficient to from a belief as to the allegations set forth in paragraph "18" of the counter-claim.

19. Upon information and belief, deny the allegations set forth in paragraph "19" of the counter-claim except admits that Plaintiffs did change the Metlife address and continued to receive "MetLife Policyholder Trust Statements", including 1099 Tax Forms, which were duly sent to P.O. Box 327 throughout this period.

20. Deny the allegations set forth in paragraph "20" of the counter-claim.

21. Deny the allegations set forth in paragraph "21" of the counter-claim.

22. Deny the allegations set forth in paragraph "22" of the counter-claim.

23. Upon information and belief, admit the allegations set forth in paragraph "23" of the complaint, but deny the underlying veracity of the comments repeated by MetLife therein.

24. Deny the allegations set forth in paragraph "24" of the counter-claim except admit that MetLife did send additional correspondence to Mrs. Piper in an attempt to persuade her not to take any further action in this matter.

25. Deny the allegations set forth in paragraph "25" of the counter-claim except admit that an attorney representing Mrs. Piper did write to MetLife seeking a fair resolution of this matter.

26. Upon information and belief, deny the allegations set forth in paragraph "26" of the counter-claim and specifically assert that the "Policy Holder Report" received from "MetLife" presents the same corporate identity as MetLife herein.

27. Deny the allegations set forth in paragraph "27" of the counter-claim.

## AS AND FOR A FIRST DEFENSE

28. The allegations set forth in the counter-claim are not susceptible to the relief sought therein.

## AS AND FOR A SECOND DEFENSE

29. The counter-claim fails to provide a basis for the relief sought.

## AS AND FOR A THIRD DEFENSE

30. The counter-claim is barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH DEFENSE

31. The counter-claim is barred by principles of equity.

## AS AND FOR A FIFTH DEFENSE

32. The counter-claim is barred by principles of equitable estoppel.

## AS AND FOR A SIXTH DEFENSE

33. The counter-claim is barred by estoppel.

## AS AND FOR A SEVENTH DEFENSE

34. The counter-claim is barred by the actions of MetLife in communication to Plaintiff's in their Policy Holder Trust Statements that there was a positive equity balance even while it was cancelling the Policy for lack of payment.

WHEREFORE, it is respectfully requested that the Court dismiss the counter-claim in its entirety and award to Plaintiffs, in addition to the relief sought in the Complaint herein, any such other or further relief as the Court deems just and proper.

Dated: New York, New York
February 14, 2008

_____
Neal Brickman (NB0874)
Ethan Leonard (EL2497)
Law Offices of Neal Brickman, P.C.
Attorneys for Plaintiffs
317 Madison Avenue - 21st Floor
New York, New York 10017
(212) 986-6840

To: Alvin Pasternak, Esq.
Tomasita Sherer, of Counsel
Attorneys for Defendant
Metropolitan Life Insurance Company
27-01 Queens Plaza North
Long Island City, NY 11101
(212) 578-3102 (Tel)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
ESTATE OF ALEXANDER R. PIPER III; AND
MARTHA PIPER, Individually,

                 Plaintiffs,         Case No. 07 CV 9548 (LTS)

    - against -

                                     **AFFIDAVIT OF SERVICE**

METROPOLITAN TOWER LIFE INSURANCE
COMPANY.,

                 Defendant.
- - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK   } ss.:
COUNTY OF NEW YORK }

      IDRIS MAHMOUD, being duly sworn, deposes and says that he is over the age of 18 years; is not a party to this action and resides within the State of New York; and that on February 14, 2008, he served the within ANSWER TO COUNTER-CLAIM, upon the attorney for defendant, by placing a true copy of the same in a postpaid wrapper in an official United States Post Office receptacle, duly addressed as follows:

                 Tomasita Sherer, Esq.
                 Metropolitan Life Insurance Company
                 27-01 Queens Plaza North
                 Long Island City, NY 11101

                                                         _/s/ Idris Mahmoud_
                                                    IDRIS MAHMOUD
                                                    LIC #1151131

Sworn to before me this
14th day of February, 2008

_/s/ Ethan Y. Leonard_
NOTARY PUBLIC
ETHAN Y. LEONARD
Notary Public, State of New York
No. 02LE5085475
Qualified in New York County
Commission Expires September 22, 200_